IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EAST RIO HONDO WATER SUPPLY CORPORATION, § § | | |
| Plaintiff § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| CITY OF LOS FRESNOS, TEXAS, § | JURY TRIAL DEMANDED | |
| Defendant § | | |

**PLAINTIFF EAST RIO HONDO WATER SUPPORATON'S
COMPLAINT AND APPLICATION
FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES, EAST RIO HONDO WATER SUPPLY CORPORATION, Plaintiff in the above-described matter (hereinafter *"East Rio Hondo"*), and files this Complaint and Application for Declaratory and Injunctive Relief against the City of Los Fresnos, Texas (hereinafter *"Los Fresnos"*), and in support thereof, would show the Court as follows:

## I. PARTIES

1. East Rio Hondo is a Texas non-profit water supply corporation doing business in Cameron County, Texas.

2. Defendant, City of Los Fresnos, Texas, is a municipality incorporated by home-rule charter in accordance with the Constitution of the State of Texas and the Texas Local Government Code, and may be served by serving its City Manager, Mark Milum at the City of Los Fresnos, 200 N. Brazil, Los Fresnos, Texas 78566.

1

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b), 42 U.S.C. § 1983, and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause. This Court also has jurisdiction over East Rio Hondo's claims for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002, and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because the Defendant resides in this judicial district, and a substantial part of the events which give rise to East Rio Hondo's claims occurred, and continues to occur, in this judicial district.

## III. FACTUAL ALLEGATIONS

5. East Rio Hondo is a non-profit water supply corporation that provides water service to its member customers within Cameron County, Texas. East Rio Hondo's principal office and place of business is located in Rio Hondo, Cameron County, Texas. East Rio Hondo is an "association" within the meaning of the Consolidated Farm & Rural Development Act of 1961, 7 U.S.C. § 1926, *et seq.*

6. East Rio Hondo is duly empowered to and has borrowed money from the United States of America acting through the United States Department of Agriculture ("***USDA***"). East Rio Hondo remains indebted to the USDA. As a condition of this indebtedness, East Rio Hondo has pledged to the USDA its system infrastructure, land, and legal right to provide service, including all rights held by East Rio Hondo under East Rio Hondo's Certificate of Convenience and Necessity ("***CCN***"). East Rio Hondo has the right to be the exclusive water service provider within East Rio Hondo's service area pursuant to 7 U.S.C. § 1926(b).

7. East Rio Hondo enjoys the protection of 7 U.S.C. § 1926(b), by reason of its indebtedness to the Federal Government. [Congress enacted 7 U.S.C. § 1926(b) as part of a federal statutory program to extend and guarantee loans and grants to certain associations providing soil conservation practices, water service, or management, etc.]

The Statute states:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b).

8. 7 U.S.C. § 1926(b) prohibits municipalities or similar entities from exercising their powers to sell water, and from placing conditions or restrictions on the service provided or made available by the indebted association or competing with a federally indebted association, when the exercise of such powers would result in curtailment or limitations of the service provided or made available by a federally indebted association. *City of Madison, Miss. V. Bear Creek Water Ass'n, Inc.*, 816 F.2d 1057 (5th Cir. 1987) and *North Alamo Water Supply Corporation v. City of San Juan*, 90 F.3d 910, 915 (5th Cir. 1996). See also *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004).

9. On November 1, 1979, East Rio Hondo was issued CCN Number 10552 by the Public Utilities Commission of Texas, establishing East Rio Hondo's "service area" which is herein referenced as "East Rio Hondo's Service Area," "East Rio Hondo's CCN," or "East Rio Hondo's Certificated Area."

10. On or about December 13, 2016, East Rio Hondo became aware that Los Fresnos had installed water service taps at a twenty-nine (29) acre piece of property located at the northwest corner of the intersection of FM 1575 and Henderson Road (the "*Property*") and is providing water service to a development being constructed on the Property through a waterline owned by Southmost Regional Water Authority ("*SRWA*").

11. Although the Property is located in an area that is dually certificated to East Rio Hondo and City of Los Fresnos, East Rio Hondo has made service available to the Property. East Rio Hondo has, and has had, "pipes in the ground" on and immediately adjacent to the Property since 1982, long before Los Fresnos chose to provide water service to the Property, thus becoming the exclusive water service provider within East Rio Hondo's service area pursuant to 7 U.S.C. § 1926(b). Los Fresnos' actions have a substantial negative impact on East Rio Hondo because its actions deprive East Rio Hondo of additional water customers it could easily serve and reduce the economy of scale associated with all other water customers of East Rio Hondo. Los Fresnos' actions have caused Los Fresnos to be unjustly enriched, deprived East Rio Hondo of revenue that East Rio Hondo would have received but for the unlawful actions of Los Fresnos, and deprived East Rio Hondo of infrastructure which would have otherwise been dedicated to East Rio Hondo but for the unlawful actions of Los Fresnos. The long-term effect of Los Fresnos taking these future water customers from East Rio Hondo would result in increasing the per user cost of water to East Rio Hondo's member/customers. This is precisely the opposite of what 7 U.S.C. § 1926(b) and its associated federal regulations were intended to accomplish. In *North Alamo Water Supply Corp. v. City of San Juan*, the Fifth Circuit held that a Texas Water Supply Corporation (such as East Rio Hondo) meets the "made service available" requirement because of its legal obligation to provide service under state law. *North Alamo*, 910 F.3d at 916. However, East Rio Hondo meets

the "made service available" requirement even under the more strict application of the statute under the "Pipes in the Ground Test" adopted by the Tenth Circuit, as well as other courts. See, e.g., *Sequoyah County RWD No. 7 v. Town of Muldrow*, 191 F.3d 1192 (10th Cir. 1999), and *Rural Water System #1 v. City of Sioux Center*, 202 F.3d 1035 (8th Cir. 2000).

12. East Rio Hondo has brought this action seeking to enforce its rights as the <u>exclusive</u> water service provider within East Rio Hondo's Service Area granted it by virtue of 7 U.S.C. § 1926(b).

13. The courts that have addressed 7 U.S.C. § 1926(b) have made it clear that the statute should be applied broadly to protect associations indebted to the Federal Government (in this case, USDA/Rural Development) from competition from expanding municipal systems, whatever form the competition may take:

> "The clear message of the three federal cases applying 7 U.S.C. § 1926(b) and of the Senate Report is that the statute should not be construed narrowly to prohibit municipal encroachment only if technically annexation or grant of a franchise, but should be applied broadly to protect rural water associations indebted to the FmHA from competition from expanding municipal systems."

*Jennings Water, Inc. v. City of North Vernon, Inc.*, 682 F.Supp. 421, 425 (S.D. Ind. 1988), affirmed at 895 F.2d 311 (7th Cir. 1989).

> "Doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory."

*Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1197 (10th Cir. 1999).

> Finally, **any "[d]oubts** about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory."

5

*Rural Water System #1 v. City of Sioux Center*, 202 F.3d 1035, 1038 (8th Cir. 2000) (emphasis added).

**THE PROPERTY**

14. On March 31, 2015, the Town of Indian Lake annexed an area that included the Property. In October 2016, East Rio Hondo learned that the owner of the Property was circulating plans for an apartment community to be built on the Property. East Rio Hondo has a 6-inch waterline adjacent to the Property that could have provided and currently has the ability to provide water service to meet the needs of the proposed development on the Property within a reasonable amount of time. This 6-inch line has been in place since 1982. To date, the owner of the Property has not yet met with representatives of East Rio Hondo to review requirements for water service nor has he requested that East Rio Hondo conduct a feasibility study to review its water service capabilities. Construction of the apartment community has commenced and is ongoing.

15. On December 13, 2016, East Rio Hondo learned that the City of Los Fresnos had installed water taps on an inactive segment of a waterline that was installed in 2010 and is presently owned by Southmost Regional Water Authority, in close proximity to the Property, with the intent of serving the Property in spite of East Rio Hondo's pre-existing 6-inch waterline. Since that time, Los Fresnos has provided water service to the Property during the construction phase of the development.

16. As alleged above, City of Los Fresnos has offered, operated, and sold, and continues to offer, operate, and sell, water services in competition with East Rio Hondo within East Rio Hondo's federally protected service area. This competition, upon information and belief, extends to the Property.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983

17. East Rio Hondo incorporates by reference all factual allegations listed above.

18. In order to state a cause of action under 42 U.S.C. § 1983, East Rio Hondo must allege only that some person has deprived it of a federal right, and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 64 L.Ed.2d 572, 100 S.Ct. 1920 (1980).

19. East Rio Hondo has a federal right under 7 U.S.C. § 1926(b) to be protected from any curtailment or limitation of its rights to sell water within East Rio Hondo's Territory.

20. Los Fresnos' actions of providing water service to certain customers situated with East Rio Hondo's Territory has deprived East Rio Hondo of the above-described federal right.

21. Los Fresnos' actions of providing water service to these customers are and have been conducted under color of state law, by virtue of its purported authority to sell water in the State of Texas.

22. East Rio Hondo has suffered damages as a result of the wrongful acts of Los Fresnos providing water service to these customers, and by Los Fresnos' acts of offering water service to residents or entities within East Rio Hondo's Territory in an amount not yet determined, but in any event greater than $75,000.00.

## COUNT TWO
## DECLARATORY JUDGMENT – 7 U.S.C. § 1926(b)

23. East Rio Hondo incorporates by referenced all allegations above.

24. This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and other legal relations of the parties under 7 U.S.C. § 1926(b).

25. There exists an actual case or controversy between East Rio Hondo and Los Fresnos regarding Los Fresnos' right to provide water service within East Rio Hondo's Territory and regarding compensation and damages East Rio Hondo should receive for such violation.

26. East Rio Hondo seeks to have the Court declare the rights and other legal relations of the parties as to the right of Los Fresnos to provide water service within East Rio Hondo's Territory to the customers.

27. In order to qualify for protection under 7 U.S.C. § 1926(b), an indebted association must have "made service available" – that is, it must have the legal right to serve and the physical ability to serve the disputed customer. [Note that the Fifth Circuit has held that the physical ability to serve element is met in Texas, because of the association's legal obligation to provide service. *North Alamo Water Supply Corp. v. City of San Juan*, 910 F.3d 910 (5th Cir. 1996).] The "legal right" prong of the "made service available" requirement is determined by state law at the time the association first became indebted, and any state law which would purportedly take away that right after such date is preempted by federal law:

> "...state law that defines the service area of an association prior to or at the time it becomes indebted is state law that stands outside the window of § 1926(b) preemption and also is state law that can reasonably coexist with the federal law.
>
> * * *
>
> Second, the court is not saying that state law can be used to justify a municipality's encroachment upon disputed area in which an indebted association is legally providing service under state law. The state law used to justify the encroachment would clearly conflict with or stand as an obstacle to, the non-encroachment provisions of § 1926(b), and consequently would be preempted by superior federal law in the form of § 1926(b). *See, e.g., Kinley Corp.*, 999 F.2d at 358 n. 3; *Hankins*, 964 F.2d at 861. Therefore, there is express and conflict preemption of any state law that purports to take away from an indebted association any territory in which the association has both a legal and physical ability to provide service at the time the association is first entitled to invoke the protection of § 1926(b).

8

*Rural Water System #1 v. City of Sioux Center*, 967 F.Supp. 1483, 1529 (N.D. Iowa, 1997) (emphasis added). See also *Pittsburg County Rural Water District No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004).

> "To the extent that a local or state action encroached upon the services provided by a protected water association, the local or state act is invalid . . . There is thus preemption of any local or state law that purports to take away from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b)."

*Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 715 (10th Cir. 2004).

> "We addressed this issue in *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004), which concerned the deannexation of a portion of the existing service territory of a qualified association. We held that "where the federal § 1926 protections *have attached*, § 1926 preempts local or state law that can be used to justify . . . encroachment upon [a] disputed area in which an indebted association is legally providing service under state law" *Id.* At 715 (emphasis added) (internal quotation marks and brackets omitted). In other words, a state or local government may not act "to *take away* from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b)." *Id.* At 716 (emphasis added)."

*Moongate Water Co., Inc. v. Dona Ana Mutual Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1090 (10th Cir. 2005).

28. Furthermore, East Rio Hondo seeks to have the Court declare reasonable damages that Los Fresnos must pay East Rio Hondo for its actions within East Rio Hondo's Territory to the customers, until transition can be completed that eliminates Los Fresnos' encroachment.

## COUNT THREE
## INJUNCTION

29. East Rio Hondo incorporates by reference all allegations above.

30. East Rio Hondo does not have a proper and adequate remedy at law, and injunctive relief is a proper remedy for violations of 42 U.S.C. § 1983 and 7 U.S.C. § 1926(b).

9

## IV. JURY DEMAND

31. Plaintiff demands a jury trial as to all issues triable by jury.

## V. PRAYER

WHEREFORE, East Rio Hondo requests this Court to grant the relief set forth in this Complaint, specifically:

1. A declaration that Los Fresnos' act of attempting to sell water within East Rio Hondo's Territory are violations of 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983;

2. A monetary judgment for all damages sustained as a result of Los Fresnos' violations of federal law and wrongful actions, including but not limited to lost net revenue suffered by East Rio Hondo, Los Fresnos disgorging all revenue which Los Fresnos obtained by virtue of its violation of 7 U.S.C. 1926(b), and damages equating to the value of infrastructure which would have otherwise been dedicated to East Rio Hondo, and/or imposition of a constructive trust on or forfeiture of all water delivery infrastructure obtained by or utilized by Los Fresnos in connection with its unlawful delivery and sale of water in violation of the federal rights of East Rio Hondo;

3. Injunctive relief against Los Fresnos, restraining it from selling water within East Rio Hondo's Territory and to East Rio Hondo's existing and potential customers;

4. A monetary judgment for all attorney's fees and costs incurred in this action; and

5. Such other and further relief to which Plaintiff is entitled.

Respectfully Submitted,

By: *[signature]*

Richard W. Fryer
State Bar No. 24085316
Federal Bar No. 2044106
Brian J. Hansen
State Bar No. 24072139
Federal Bar No. 2041539

**FRYER & HANSEN, PLLC**
1352 West Pecan Boulevard
McAllen, Texas 78501
Telephone: (956) 686-6606
Facsimile: (956) 686-6601
Email: Email@fryerandhansen.com

***ATTORNEYS FOR PLAINTIFF EAST RIO HONDO WATER SUPPLY CORPORATION***